IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:21cv1343 (CMH/JFA) |
| DJM DESMITH HOLDINGS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 7). Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC"), and they seek a default judgment against DJM DeSmith Holdings, Inc. ("DJM DeSmith"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

**Procedural Background**

On December 1, 2021, plaintiffs filed this action alleging that defendant is obligated to pay them for certain delinquent contributions, liquidated damages, interest, and attorney's fees

1

and costs. (Docket no. 1). On January 7, 2022, a summons and the complaint were served on Rachelle DeSmith, an individual authorized to accept service on defendant. (Docket no. 4). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than January 28, 2022, which is twenty-one (21) days after service on defendant.

On February 2, 2022, plaintiffs filed their request for entry of default on the grounds that defendant had not timely responded to the summons and complaint. (Docket no. 5). The Clerk of Court entered default against defendant pursuant to Federal Rule of Civil Procedure 55(a) on February 4, 2022. (Docket no. 6). On February 14, 2022, plaintiffs filed a motion for default judgment with a memorandum in support and declarations from Kenneth Anderson, Jr. and Diana M. Bardes, and a notice of hearing for Friday, March 11, 2022 at 10:00 a.m. (Docket nos. 7–9). The motion for default judgment, supporting memorandum, and notice of hearing were served on defendant by mail on February 14, 2022. (*Id.*). On March 11, 2022, counsel for plaintiffs appeared at the hearing on the motion for default judgment, and no one appeared on behalf of defendant.

**Factual Background**

The following facts are established by the complaint (Docket no. 1) ("Compl."), the motion for default judgment (Docket no. 7), and the memorandum and declarations filed in support of the motion for default judgment (Docket nos. 8, 8-1, 8-2).

This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1). Each of the plaintiffs are "fiduciaries" with respect to their fund, as defined in 29 U.S.C. § 1002(21)(A), and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2).

(Compl. ¶¶ 5–10). NPF, ITI, and SASMI are jointly administered trust funds created and maintained pursuant to 29 U.S.C. § 186(c) and "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). (Compl. ¶¶ 5–7). NEMIC and SMOHIT are organizations created and maintained pursuant to 29 U.S.C. § 186(c). (Compl. ¶¶ 8–9). The funds for which plaintiffs bring this action are administered in Fairfax, Virginia. (Compl. ¶¶ 5–10).

DJM DeSmith Holdings, Inc. is a Wisconsin corporation with a principal place of business in Wisconsin. (Compl. ¶ 11). DJM DeSmith is an employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), (11), and (12). (*Id.*). DJM DeSmith employs employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (f/k/a the Sheet Metal Workers' International Association), Local Union No. 18, which is a labor organization representing employees in an industry affecting interstate commerce. (Compl. ¶ 12). DJM DeSmith was a signatory to and bound by a collective bargaining agreement ("CBA") with Local Union No. 18. (Compl. ¶ 13). Pursuant to the CBA, DJM DeSmith is obligated to abide by the terms and conditions of the Trust Agreements establishing each of the funds, including any amendments thereto. (Compl. ¶ 14).

Under the CBA, Trust Agreements, and applicable law, DJM DeSmith is obligated to submit monthly remittance reports and fringe benefits contributions to plaintiffs for all hours worked or paid on behalf of defendant's covered employees no later than the twentieth day after the end of each month during which covered work was performed. (Compl. ¶ 15). When an employer fails to make a timely remittance report and contribution payments and the funds file a lawsuit to recover unpaid contributions, the employer is obligated to pay interest on the delinquent contributions at the rate of 0.0233% per day, late fees equal to the greater of $50.00

or 10% of the contributions due for each month of contributions paid after the due date and before any lawsuit is filed, liquidated damages equal to 20% of the delinquent contributions, and the attorney's fees and costs incurred in pursuing the delinquent amounts. (Compl. ¶ 16).

In the complaint, plaintiffs allege that defendant failed to make all the required contributions for the months of August through September 2021. (Compl. ¶ 17). Plaintiffs also allege that defendant failed to submit a remittance report for September 2021, and plaintiffs have estimated the amounts due for that month based on the hours reported in August 2021. (Compl. ¶ 21). Plaintiffs assert that defendant owes contributions in the estimated amount of $46,995.84, along with accrued interest in the amount of $617.09 calculated through November 30, 2021, and liquidated damages of $9,399.18. (Compl. ¶ 22). The total amount plaintiffs claim they are owed is $57,012.11, plus additional interest and attorney's fees and costs. (Compl. ¶¶ 1, 23).

In the motion for default judgment, plaintiffs state that they are owed the amounts as detailed below. (Docket nos. 8, 8-1, 8-2). As described in the brief in support of the motion for default judgment and the declarations of Kenneth Anderson, Jr. ("Anderson Decl.") and Diana M. Bardes ("Bardes Decl."), the plaintiffs are seeking an award of the estimated unpaid contributions, accrued interest, and liquidated damages, for the period of August through September 2021. (Docket no. 8 at 8–9). Plaintiffs are also seeking an award of their attorney's fees and costs incurred in bringing this action.[1] (*Id.*).

---

[1] There is a difference in the amounts sought in the motion for default judgment and the complaint because the interest requested in the complaint is calculated only up to the filing of the complaint (Compl. ¶ 22), and the motion for default judgment both requests interest through March 11, 2022 and contains an itemization of the attorney's fees and costs sought. (Docket no. 7 ¶¶ 5.b, 6).

4

|  | *Contributions* | *Interest through 03/11/2022* | *Liquidated Damages* |
|---|---|---|---|
| Period from August through September 2021 | $46,995.84 | $1,750.09 | $9,399.18 |

| *Attorney's Fees and Costs* | *Total* |
|---|---|
| $3,107.67[2] | $61,252.78 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a

---

[2] Plaintiffs seek a combined $3,107.67 in attorney's fees and costs. (Docket nos. 7 ¶ 6). As shown in exhibit 1 to the Bardes declaration, this amount includes 11.9 hours of attorney and paralegal time at rates of $295.00 and $275.00 an hour for Ms. Bardes and $150.00 an hour for paralegal time. This amount also includes the $402.00 filing fee and $460.17 for process server fees. (Docket no. 8-2 at 5–9).

5

court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

Plaintiffs allege that this court has subject matter jurisdiction under Section 502 of ERISA, 29 U.S.C. § 1132. (Compl. ¶ 2). Section 502 provides that the United States district courts have jurisdiction over civil actions brought under this title. 29 U.S.C. § 1132. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multiemployer plan. Plaintiffs further allege that this court has subject matter jurisdiction under Section 301 of the LMRA, 29 U.S.C. § 185. (Compl. ¶ 2). That section provides that United States district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. 29 U.S.C. § 185. This case is also properly before the court pursuant to 29 U.S.C. § 185 because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Plaintiffs state that the respective funds are administered in Falls Church, Virginia. (Compl. ¶ 3). On January 7, 2022, plaintiffs served the summons and the complaint on defendant's authorized agent. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over defendant because the respective funds are administered within the Alexandria Division of the United States District Court for the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD*

*Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment, and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over defendant, and that venue is proper in this court.

### Grounds for Entry of Default

An authorized agent for defendant was personally served with the summons and complaint on January 7, 2022. (Docket no. 4). Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than January 28, 2022, which is twenty-one (21) days after the summons and complaint were served. After defendant failed to file an answer or responsive pleading in a timely manner, plaintiffs requested an entry of default on February 2, 2022. (Docket no. 5). The Clerk of Court entered a default as to defendant on February 4, 2022. (Docket no. 6).

The undersigned recommends a finding that defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to defendant.

### Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, DJM DeSmith failed to make the required contributions to the funds for the period of August through September 2021. (Compl. ¶¶ 20–25). 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, plaintiffs submitted a declaration from Kenneth Anderson Jr. ("Anderson Decl."). (Docket no. 8-1). Mr. Anderson is an Audit and Delinquency Manager for the NPF and oversees the performance of audits of payroll records of contributing employers, which are used to determine whether participating employers have satisfied their obligations to provide reports and contributions to the funds and to cooperate with the audit process. (Anderson Decl. ¶¶ 1–2). The information contained in the Anderson Declaration establishes that DJM DeSmith failed to timely submit the required remittance reports and contributions for the period of August through September 2021. (Anderson Decl. ¶¶

9–10). Given the failure to submit a remittance report for September 2021, plaintiffs estimated the amount due based on the hours reported for August 2021. (Anderson Decl. ¶ 10). Based on that estimate, DJM DeSmith owes contributions for the months of August through September 2021 in the amount of $46,995.84, interest in the amount of $1,750.09 calculated through March 11, 2022, and $9,399.18 in liquidated damages.[3] (Anderson Decl. ¶ 12). The total amount DJM DeSmith owes plaintiffs for delinquent contributions, liquidated damages, interest, and late fees is $58,145.11. (Anderson Decl. ¶ 13).

Plaintiffs submitted a declaration from Diana M. Bardes detailing the attorney's fees and costs incurred in this action. (Docket no. 8-2) ("Bardes Decl."). The total amount of the attorney's fees and costs requested is $3,107.67. (Docket no. 7 at 3). The attorney's fees request is comprised of 11.9 hours of attorney and paralegal time. (Bardes Decl. ¶ 5). The hourly rate charged for the attorney time was $275.00 and $295.00 for partners and $150.00 for paralegals. (Bardes Decl. ¶ 5, Exhibit 1). The amount of costs was $862.17, which is comprised of $460.17 for process server fees and $402.00 for filing fees. (Bardes Decl. ¶ 6). The undersigned has reviewed the declaration of Ms. Bardes and recommends a finding that the hourly rates charged, and the costs incurred by plaintiffs are reasonable. After reviewing the individual time entries, the court recommends a finding that the total amount of time and the costs incurred in pursuing this action and the amounts billed were reasonable. The amount of

---

[3] The Anderson declaration erroneously indicates that $1,750.09 is the amount of interest calculated through November 30, 2021. (Anderson Decl. ¶ 12). As noted in the complaint, the amount of interest owed was $617.09 as of November 30, 2021. (Compl. ¶ 22). Exhibit 4 to the Anderson declaration lists $1,750.09 as the amount of interest due through March 11, 2022. (Docket no. 8-1 at 75). The Anderson declaration also states that liquidated damages are calculated at $9,399.28. (Anderson Decl. ¶ 12). This is apparently another typo as the complaint and motion for default judgment establish liquidated damages of $9,399.18. (Compl. ¶ 22, Docket no. 7 ¶ 5.c).

attorney's fees and costs sought in this matter are consistent with the amounts sought in many previous, similar cases brought in this court.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiffs against DJM DeSmith Holdings, Inc. in the amount of **$61,252.78**, which includes unpaid contributions of $46,995.84, interest of $1,750.09, liquidated damages of $9,399.18, and attorney's fees and costs of $3,107.67. DJM DeSmith should also be ordered to produce to plaintiffs the outstanding remittance report for the month of September 2021.

## Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to DJM DeSmith Holdings, Inc., 317 South Ave., #3, Osceola, WI 54020 and 200 Seminole Lot 16, Osceola, WI 54020, the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

ENTERED this 11th day of March, 2022.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia